# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DEMITRI DUNBAR,

        Petitioner,   :        Case No. 2:25-cv-00435

  - vs -                            District Judge James L. Graham
                                          Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
  Belmont Correctional Institution,

                                     :

        Respondent.

## DECISION AND ORDER ON MOTION TO EXPAND;
## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Dunbar with the assistance of counsel[1], is before the Court on Petitioner's Request for Evidentiary Development to Add Video of Traffic Stop ("Request") which is embedded in Petitioner's Traverse (ECF No. 15). The requested expansion includes "(a) the dash-cam recording(s) in native format; (b) integrity hash(es); (c) export log(s) and basic file metadata; and (d) chain-of-custody documentation sufficient to authenticate the exhibit that the state courts considered." *Id.* at PageID 381.

To ensure compliance with the record limitations imposed by *Cullen v. Pinholster,* 563 U.S. 170 (2011), the Court directed Respondent, in any response to the Request, to advise the Court whether the dash cam footage was before the Ohio Fourth District Court of Appeals when it affirmed denial of Petitioner's motion to suppress (Order on Motion to Supplement, ECF No.

---

[1] Current counsel assumed representation in this case at the time of direct appeal.

1

16, PageID 384). Respondent replied that "Ms. Madison Ward, Deputy Clerk of Court for Gallia County, Ohio informed the Office of the Ohio Attorney General that the dash cam footage was provided to the Fourth Appellate District Court of Appeals." (Response in Opposition, ECF No. 17, PageID 385-86). Thus expanding the record to include the dash cam footage would not violate the evidence restriction imposed by *Pinholster*.

Respondent nonetheless opposes the Request to Expand on the ground that review of the dash cam footage by this Court would violate the bar on habeas consideration of Fourth Amendment claims imposed by *Stone v. Powell*, 428 U.S. 465 (1976). Petitioner has replied that this case comes within the exception recognized in *Stone* allowing Fourth Amendment claims in habeas where the state courts did not allow a petitioner a "full and fair" opportunity to litigate his or her Fourth Amendment claims (Reply, ECF No. 19, PageID 396).

For reasons given below, the undersigned accepts Respondent's position that *Stone* bars merits consideration of Petitioner's Fourth Amendment claims. Accordingly the Request to Expand[2] is denied and the Court proceeds to the substance of Petitioner's claims. Given the Court's denial of the Request to Expand, the case is ripe for decision on the merits.

**Litigation History**

Sometime after June 25, 2020, a Gallia County Grand Jury returned an indictment charging Petitioner with one count of possession of cocaine in violation of Ohio Revised Code § 2925.11(A); one count of trafficking in cocaine in violation of Ohio Revised Code §

---

[2] Although not formally separating the two requests, Petitioner sought both an expansion of the record under Habeas Rule 5 and discovery of the dash cam footage under Habeas Rule 6. The scope of both of those procedures is limited by both *Pinholster* and *Stone*. Separating them for analysis would add nothing of substance. It appears, however, that Petitioner has already received the dash cam footage in discovery in the trial court.

2925.03(A)(2); one count of possession of heroin in violation of Ohio Revised Code § 2925.11(A); and one count of trafficking in heroin in violation of Ohio Revised Code § 2925.03(A)(2)(Indictment, State Court Record, ECF No. 8, Ex. 1, PageID 93). Petitioner initially pleaded not guilty and filed three motions to suppress evidence seized during a June, 2020, traffic stop. The first of these motions sought to exclude evidence of controlled substance testing pursuant to Ohio R. Evid. 702 and "constitutional principles of due process" (Motion, State Court Record, ECF No. 8, Ex. 5, PageID 104)[3]. The second and third motions claimed the evidence was seized in violation of Petitioner's rights under the Fourth Amendment and the parallel provision of the Ohio Constitution (Motion, State Court Record, ECF No. 8, Exs. 6 and 7, PageID 109, 113).

In separate journal entries, the trial court denied all three motions (State Court Record, ECF No. 8, Exs. 9, 10, and 11, PageID 121, 133, 146). Petitioner then withdrew his not guilty plea and, pursuant to a plea agreement, pleaded no contest to the trafficking in cocaine charge with the remaining counts dismissed (State Court Record, ECF No. 8, Ex. 12, PageID 148). He appealed to the Ohio Fourth District Court of Appeals, pleading the following assignments of error:

> **Assignment of Error:** The trial court erred in denying Appellant-Dunbar's motion to suppress.
>
> **Issue for Review**
>
> Under the Fourth and Fourteenth Amendments and Oh. Const. Art. 1, sec. 14, officers violate the Fourth Amendment if they (1) conduct an inquiry that is unrelated to the traffic stop, but instead is aimed at investigating other crimes, (2) that prolongs the stop, (3) without reasonable suspicion.
>
> **Assignment of Error:** The trial court erred in denying Appellant-Dunbar's *Daubert* motion under Evid.R. 702.
>
> **Issue for Review**

---

[3] While styled as a motion to suppress, the substance of the motion was more in the nature of a motion in limine.

3

> Under Evid.R. 702, the *Daubert* decision, and the notice and confrontation clauses of the Sixth Amendment, a trial court can only admit scientifically reliable evidence. Here, *inter alia*, the massive unexplained discrepancy in the tested weights of the contraband at bar indicates scientific unreliability.

(Appellant's Brief, State Court Record, ECF No. 8, Ex. 15, PageID 166).

The Fourth District affirmed. *State v. Dunbar*, 242 N.E. 3d 70 (Ohio App. 4th Dist. Apr. 10, 2024). The Ohio Supreme Court declined to exercise jurisdiction over a further appeal. *State v. Dunbar*, 176 Ohio St. 3d 1411 (Nov. 26, 2024). Petitioner filed his amended habeas corpus petition in this Court May 5, 2025, pleading the following grounds for relief:

> **Ground One**: The petitioner's Fourth Amendment rights were violated when the traffic stop was unlawfully prolonged without reasonable suspicion, as the officer's inquiries went beyond the scope of the initial stop and extended the detention without sufficient cause.
>
> **Supporting Facts:** The traffic stop was prolonged without reasonable suspicion when Trooper Day, after addressing the lighting violation, questioned the petitioner about unrelated matters, including his travel plans and the rental agreement. Despite having all necessary information, the officer continued the detention by requesting the petitioner's exit from the vehicle and conducting a canine search. The officer relied on subjective factors such as nervousness and inconsistencies in travel plans, which do not constitute reasonable suspicion. This extension of the stop violated the petitioner's Fourth Amendment rights.
>
> **Ground Two**: The petitioner's Sixth Amendment rights were violated by the admission of scientifically unreliable evidence, as discrepancies in the weight of the contraband were unexplained, undermining the integrity of the forensic testimony and denying the petitioner the ability to effectively challenge the evidence.
>
> **Supporting Facts**: The forensic expert, Kara Klontz, testified that there were significant discrepancies in the weight measurements of the contraband, with one analyst recording a much higher weight than another. Despite this, the prosecution failed to explain the cause of the discrepancy. The crime lab director, Brandon Werry, also could not determine the root cause of the weight difference, casting

4

> doubt on the reliability of the drug testing. The trial court admitted this evidence without addressing these issues, violating the petitioner's right to confront and challenge the evidence.

(Amended Petition, ECF 4, PageID 61, 63).

## Analysis

### Ground One:  Evidence Seized in Violation of the Fourth Amendment

In his First Ground for Relief, Petitioner alleges he was convicted on the basis of evidence seized in violation of his Fourth Amendment rights during the traffic stop which yielded the cocaine which formed the basis of his conviction.

Respondent asserts merits review of this Ground for Relief is barred by the Supreme Court's decision in *Stone*.  *Stone* held federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts.  *Stone* requires the district court to determine whether state procedure in the abstract provides a full and fair opportunity to litigate, and Ohio procedure does.  The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism.  Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).  The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress,

5

> as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Upon initial review of the Petition filed by counsel, the Court noted that it was not signed and ordered that a signed version be filed and that the Petition be supplemented with a "memorandum explaining (1) why his First Ground for Relief is not barred by *Stone*, and (2) what federal constitutional authority supports his Second Ground for Relief." (Order to Supplement, ECF No. 2, PageID 25).

In response Petitioner asserted that the Sixth Circuit had crafted an "egregious error" exception to *Stone* in *Riley*. At the cited place in *Riley*, Judge Celebrezze wrote:

> Similarly, we decline to adopt the petitioner's interpretation of *Stone*. We believe that a limited inquiry into the correctness of state court decisions, occurring as a matter of course in the district courts, would be inconsistent with *Stone*. Id. at 493 n.35, 96 S.Ct. at 3052 n.35. The language of *Gamble*, however, entails an examination of each state decision which precipitates a habeas petition. This case by case review is inconsistent with *Stone's* assumption that state courts are as capable of deciding fourth amendment issues as federal courts. When a petitioner alleges egregious error in the application of fourth amendment principles, of a magnitude and nature similar to the state court error present in *Gamble*, however, a federal habeas court might be justified in concluding that an opportunity for a full and fair hearing had not been afforded the petitioner.

674 F.2d at 526. Petitioner also cites *Abdul—Mateen v. Hofbauer,* No. 98-2323, 2000 U.S. App. LEXIS 11788, 2000 WL 687653, at *3 (6th Cir. May 19, 2000). In both of these cases, the Sixth Circuit upheld the *Stone* bar, despite recognizing a possible exception under *Riley*.

Petitioner also relies on Judge Douglas Cole's decision suppressing evidence seized in an

6

improperly extended traffic stop in *United States v. Chivers*, 2020 WL 5757135 (S.D. Ohio, Sept. 28, 2020).  Judge Cole was, of course, directly applying the Fourth Amendment as the Supreme Court interpreted it in *Rodriguez v. United States*, 575 U.S. 348 (2015), rather than considering the *Stone* bar.  The trial court and the Fourth District in this case were aware of *Chivers* and *Rodriquez* and distinguished *Chivers* on the facts.

In *Riley* the Sixth Circuit referred to *Gamble v. Oklahoma*, 583 F.2d 1161(10th Cir. 1978), as providing an example of egregious error in the application of Fourth Amendment principles which might overcome the *Stone* bar.  In that case the state courts had failed to discuss a recent United States Supreme Court decision which was cited to them and was directly in point.

Whether or not the Fourth District misapplied *Rodriquez* or other Fourth Amendment precedent in this case, it plainly considered *Rodriquez* and *Chivers* and distinguished them in appropriate judicial fashion.  Nothing like the egregious police misconduct in *Gamble* was present here.  Petitioner has not shown this case comes within the exception to *Stone* recognized in *Riley*.

As the Supreme Court explained in *Stone*, it was engaged in a cost-benefit analysis and concluded extending the exclusionary rule to be applied to Fourth Amendment claims in habeas was too costly of judicial time to be worth the additional possible corrective impact on police behavior.  Recognizing the *Stone* bar in this case is completely consistent with that rationale. Petitioner's First Ground for Relief should therefore be dismissed.


**Ground Two:  Violation of the Confrontation Clause:  Scientifically Unreliable Evidence**


In his Second Ground for Relief, Petitioner asserts that denial of his *Daubert* motion violated Ohio R. Evid. 702 and his rights under the Confrontation Clause of the Sixth Amendment.

7

In its Order to Supplement, the Court asked Petitioner's counsel to state "what federal constitutional authority supports his Second Ground for Relief." (Order to Supplement, ECF No. 2, PageID 25). Petitioner's counsel responded:

> At trial, significant discrepancies arose regarding the tested weights of contraband evidence. Expert Kara Klontz testified to substantial weight differences (approximately 85 grams) between separate analyses. The lab director, Brandon Werry, admitted uncertainty regarding these discrepancies. These unexplained differences undermined the reliability of the forensic testimony.
>
> Consequently, the trial court erred by admitting scientifically unreliable evidence. Admission of unreliable forensic testimony directly violated standards under *Daubert v. Merrell Dow Pharmaceuticals*. *Daubert* requires scientifically validated methods and reliable application. The discrepancies in this case prevent assurance of methodological reliability. Without reliability, Mr. Dunbar could not meaningfully challenge or confront the evidence against him. Therefore, admitting this evidence violated Mr. Dunbar's constitutional rights to a fair trial. This violation mandates relief under Ground Two.

(Supplemental Memorandum, ECF No. 3-2, PageID 44-45).

Petitioner filed a Motion to Suppress and/or Exclude Evidence of Controlled Substance Testing on October 27, 2020, listing thirty-two objections to the testing, and requesting an evidentiary hearing prior to trial (Motion, State Court Record, ECF No. 8, Ex.5, PageID 104-07). The trial judge filed an Entry denying the Motion on April 28, 2022. *Id.* at Ex. 11. The Entry adverts to testimony by Kara Klontz, a Chemical Lab Supervisor at the Ohio State Highway Patrol lab, and Brandon Werry from the same lab, implying that a hearing outside the presence of a jury was held. *Id.* at PageID 146.

This is the testimony of which Petitioner complains. He states

> **At trial**, significant discrepancies arose regarding the tested weights of contraband evidence. Expert Kara Klontz testified to substantial weight differences (approximately 85 grams) between separate analyses. The lab director, Brandon Werry, admitted uncertainty

8

> regarding these discrepancies. These unexplained differences undermined the reliability of the forensic testimony. Consequently, the trial court erred by admitting scientifically unreliable evidence.

(Memorandum in Support, ECF No. 3-2, PageID 44, emphasis supplied).

What trial? Petitioner gives no record reference for this testimony, but the Magistrate Judge assumes it is from the hearing on the *Daubert* motion. No transcript of that hearing was filed with the State Court Record, but neither has Petitioner sought to have the record expanded with the hearing transcript. The Fourth District adverts to testimony at the *Daubert* hearing (*Dunbar, supra*, ¶ 4), so it must have had a transcript. Its opinion indicates the hearing was begun on March 10, 2021, but then continued to April 11, 2022. *Dunbar, supra* at ¶¶ 58-59. The State Court Record shows the *Daubert* motion was denied April 28, 2022, and the very next entry was the Plea Agreement on September 9, 2022. (State Court Record, ECF No. 8, Exs. 11 and 12, PageID 146, 148).

There was no trial in this case. Therefore the Confrontation Clause does not apply. The crime lab witnesses whose testimony Dunbar challenges never became actual witnesses against him because he did not take the case to trial, but pleaded no contest pursuant to a plea agreement. In that written agreement, Dunbar expressly waived his confrontation right:

> I understand by pleading no contest that I give up my right to a jury trial or court trial, where I could confront and have my attorney question witnesses against me, and where I could use the power of the court to call witnesses to testify for me.

(Plea Agreement, State Court Record, ECF No. 8, Ex. 12, PageID 149).

Aside from waiver, there is the question of cognizability. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), a federal trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589. But *Daubert* is a decision interpreting the Federal Rules of Evidence. Those Rules apply only in

9

federal court. Although Ohio has an evidence rule paralleling *Daubert*, no court has held that *Daubert* itself is binding on Ohio courts, much less that failure to satisfy the *Daubert* standard violates any part of the federal Constitution.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). Moreover, since adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a petitioner can prevail only if he or she can show the state court decision is an objectively unreasonable application of Supreme Court holdings. Because there is no Supreme Court holding in point, Ground Two fails to state a claim upon which habeas corpus relief can be granted and must therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that

10

the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 8, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.