# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

DEMITRI DUNBAR,

               Petitioner,      :          Case No. 2:25-cv-00435

      - vs -                            District Judge James L. Graham
                                          Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
  Belmont Correctional Institution,

                                             :
               Respondent.

---

## DECISION AND ORDER

---

This habeas corpus case, brought by Petitioner Dunbar with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 21) to the Magistrate Judge's Decision and Order denying expansion of the record and Report and Recommendations recommending that the Petition be dismissed with prejudice and that the Court deny a certificate of appealability ("Report," ECF No. 20).

**Standard of Review**

Petitioner requests *de novo* review of the asserted errors by the Magistrate Judge (Objections, ECF No. 21, PageID 413).  Ordinarily a request to expand the record is a non-dispositive pre-trial matter and a magistrate judge's decision would be reviewed only for clear error.  In this case, however, the Magistrate Judge's exclusion of the dash cam footage is based on his recommendation to dismiss the Fourth Amendment claim under *Stone v. Powell*, 428 U.S. 465

1

(1976).  The Court has reviewed *de novo* that recommendation and the recommendation to deny a certificate of appealability and rules as follows.

**Request to Expand**

In his Traverse to the Return of Writ, Petitioner had requested that the record be expanded to include the dash cam footage of the traffic stop which resulted in the charges against Petitioner. The record to be considered on the merits in habeas corpus is limited to what was before the state courts which considered the case.  *Cullen v. Pinholster,* 563 U.S. 170 (2011).  Having received satisfactory assurance that that the dash cam footage had been part of the appellate record, the Magistrate Judge nevertheless excluded it, concluding Petitioner's Fourth Amendment claim was barred from merits consideration by *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976)(Report, ECF No. 20, PageID 402).

Petitioner objects that "*de novo* review should direct lodging first." (ECF No. 21, PageID 413).  The Court disagrees.  What is being reviewed *de novo* is the Magistrate Judge's decision **not** to expand the record to include this item.  If that decision were erroneous, it would be reversed and the dash cam footage would come in.  But Petitioner is not entitled to that relief before obtaining reversal of the Fourth Amendment recommendation, which is not forthcoming.  (See below.)

Petitioner relies on *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982), and *Abdul-Mateen v. Hofbauer*, No. 98-2323, 2000 WL 687653, at *3 (6th Cir. May 19, 2000), as recognizing a possible exception to *Stone* for truly egregious substantive Fourth Amendment violations.  The Report considered those two cases, noted that in neither one of them had the Sixth Circuit actually found the exception applied.   Petitioner also cites *Rodriguez v. United States*, 575 U.S. 348 (2015),

claiming it "supplies a bright-line time-added rule, and the filings frame Ground One around "seconds and sequence" that the dash-cam exhibit captures." But *Rodriquez* is a federal criminal case to which the Fourth Amendment is applicable without any consideration of the *Stone v. Powell* bar. That is, *Rodriquez* does not even inferentially impact the *Stone* issue.

Because *Stone v. Powell* prohibits this Court's consideration of Petitioner's Fourth Amendment claim, the Magistrate Judge's denial of expansion of the record to include the dash cam footage is affirmed because consideration of that footage is prohibited by *Stone*. The Magistrate Judge's recommendation to decline merits review of Petitioner's Fourth Amendment claim is adopted and the Clerk will therefore enter judgment dismissing the Petition with prejudice.

**Certificate of Appealability**

The Report recommends denying a certificate of appealability "because reasonable jurists would not disagree with this conclusion" that merits review of Petitioner's Fourth Amendment claim is barred by *Stone*. Petitioner criticizes that language as conclusory, but offers no evidence of any reasonable jurist who has disagreed with the Magistrate Judge's conclusions. If a legal proposition is debatable, it seems probable that there would be evidence in the vast collection of reported and searchable judicial decisions where some judge has in fact debated it. If, instead, "debatable" means only that an issue is contested in the case *sub judice*, that would please no limit on appeals at all. Who are the reasonable jurists who support Petitioner's position? They are not identified in Petitioner's filings.

Accordingly, the Magistrate Judge's recommendation to deny a certificate of appealability is adopted. Petitioner may, of course, apply to the Sixth Circuit for a certificate.

3

**Conclusion**

Accordingly, the Report and Recommendations (ECF No. 20) are ADOPTED, Petitioner's objection (ECF No. 21) is OVERRULED, and the Petition is DISMISSED.

The Clerk will enter judgment dismissing the Petition with prejudice and denying a certificate of appealability.

March 3, 2026.                                                         *s/ James L. Graham*
                                                                       James L. Graham
                                                                       United States District Judge